IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 18-cr–40043-JPG |
| | ) |
| KURT F. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S RESPONSE
TO DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENAS**

Comes now the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Michael J. Quinley, Assistant United States Attorney, and for its response to defendant Kurt Johnson's Motion for the Issuance of 17(c) Subpoenas states as follows:

**BACKGROUND**

Defendant was indicted on July 11, 2018 on two counts of Bankruptcy Fraud and two counts of False Declaration in Bankruptcy, in violation of 18 U.S.C. § 157 and 18 U.S.C. § 152(3) respectively. (R. 1 at 3-4). On August 13, 2018, Defendant filed a Motion for the Issuance of 17(c) Subpoenas. There are a total of seven (7) subpoenas. Each is directed to: 1) Judge Joan E. Donoghue, International Court of Justice; 2) The Library of Congress; 3) Elaine C. Duke, as Director [sic] of Homeland Security; 4) Sheriff Rich Stevenson, Marion County, IL; 5) Special Agent Stephen Jeschke, FBI; 6) Michael R. Puckett, Federal Bureau of Prisons Regional Office; 7)

1

Nell Leffel (Defendant's Mother). (R.10). The United States has no objection to the issuance of a subpoena to Nell Leffel. However, because Defendant has not shown that his Application is made in good faith and is not intended as a general fishing expedition, and that the documents sought are evidentiary and relevant, and that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence, this Honorable Court should quash the other six (6) subpoenas in Defendant's Motion for the Issuance of 17(c) Subpoenas, unless and until the Defendant can demonstrate otherwise to the Court's satisfaction.

## ARGUMENT

### I. Six of the subpoenas in Defendant's Motion cannot meet the FRCP 17(c) burden for issuance of subpoenas.

Federal Rule of Criminal Procedure 17 (c) reads in relevant part:

(c) Producing Documents and Objects.

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

> (2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(1-2). The Supreme Court, in *U.S. v. Nixon*, clarified that the required showing for production prior to trial is:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

418 U.S. 683, 699-700 (1974).

Because Defendant has not shown how his subpoenas meet these threshold requirements, until and unless Defendant makes the required showing under *U.S. v. Nixon,* this court should quash six (6) of the subpoenas in Defendant's Motion for the Issuance of 17(c) Subpoenas.

### a. Defendant's Motion for a Subpoena to Judge Donoghue is not a proper use of the Rule 17(c) subpoena.

Use of Rule 17(c) for compulsory service of a judge of an international court, such as The International Court of Justice, is not proper. This Court has no discernable authority to issue in this manner such a subpoena either to a judge in the Netherlands or to the "International Court of Justice" in the Netherlands. Therefore, this Honorable Court should quash Defendant's motion requesting a subpoena to a member of The International Court of Justice. In addition, there is no reason to believe that Judge Donoghue, whether real or invented, has any evidentiary and relevant documents. The Government submits that Defendant's application for this subpoena is not made in good faith.

### b. Defendant's Motion for a Subpoena to the Library of Congress is for an item otherwise procurable and therefore does not meet the Rule 17(c) threshold.

Defendant's motion requests a subpoena to the Library of Congress for a certified copy of the "INTERNATIONAL FINANCIAL TRANSACTION,

GREIVANCE AND COROPORATE RESTOLUTION TREATY (1972)." (*See* R. 10) However, Defendant gives no reason why this treaty is not otherwise available as a public document, as are all ratified treaties of the United States. (*Id.*). Because this allegedly existent document is of a nature which would make it part of the public record, it is otherwise obtainable outside the need for a Rule 17(c) subpoena. Therefore, this Honorable Court should quash Defendant's subpoena request for the Library of Congress.

### c. Defendant's Motion for a Subpoena to the Director of Homeland Security fails to meet the good faith requirement of Rule 17(c).

Defendant claims the Department of Homeland Security has contact information for a staff attorney who allegedly appeared before the International Court of Justice. (R.10). The assertion that a staff attorney at the Department of Homeland Security appeared before an international court, regarding the defendant, is outlandish to the point of bad faith. Therefore, until Defendant provides a factual basis for such a claim, this Honorable Court should quash Defendant's subpoena request for the Director of Homeland Security as failing the good faith requirement laid out in *Nixon*.

### d. Defendant's Motion for Subpoenas to Sheriff Stevenson, SA Jeschke, and Puckett are for items otherwise procurable or constitute a fishing expedition, thus fail the showing required for Rule 17(c).

In *U.S. v. Tokash*, the Seventh Circuit again affirmed the standard asserted by the *Nixon* court, holding that "Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a

defense to a criminal charge." 282 F.3d 962, 971 (7th Cir. 2002). Because, considering ongoing discovery, a "fishing expedition" is the only possible intent of the request for these subpoenas, this Honorable Court should quash them.

Where a Defendant has access to ongoing discovery, government documents allegedly relevant to his case are "otherwise procurable." Here, Defendant either has or is currently being given discovery of all government records in the case before this Court. Further, he presents no factual basis that discovery has been improper to this point. (*See* R.10). Because discovery is ongoing, any and all relevant documents in the possession of these individuals are "otherwise procurable". Further, requests for subpoena of the Sheriff, FBI, and Bureau of Prisons Regional Office, in light of proper discovery, can be nothing but the "futile effort to find a defense to a criminal charge" envisioned by the *Tokash* court. As a result, in line with the *Nixon* requirement that documents not be "otherwise procurable" and alternatively, where the subpoenas are a "fishing expedition," this Honorable Court should quash the subpoenas.

## CONCLUSION

In conclusion, because six (6) of Defendant's requests for subpoena pursuant to Rule 17(c) fail at this time to meet the showing requirements laid out in *U.S. v. Nixon*, this Honorable Court should squash the aforementioned subpoenas.

Wherefore, the Respondent United States, respectfully requests that this Honorable Court quash six (6) of the subpoenas requested in Defendant's Motion for the Issuance of 17(c) Subpoenas.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/*Michael J. Quinley*
MICHAEL J. QUINLEY
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700
(618) 628-3720 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Criminal No. 18-cr–40043-JPG ) |
| KURT F. JOHNSON, | ) ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I caused to be electronically filed the United States' Response to Defendant's Motion for Issuance of Subpoenas with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record. I hereby certify that I caused to be mailed the foregoing response to:

Kurt F. Johnson
13177-081
MARION
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

                Respectfully submitted,

                s/ *Michael J. Quinley*
                MICHAEL J. QUINLEY
                Assistant United States Attorney