KURT F. JOHNSON 13177-081
P.O. BOX 1000
MARION, IL 62959

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,                  Case No.: 18-cr-40043-JPG

    Plaintiff,                              MOTION TO DISMISS INDICTMENT

V.

KURT F. JOHNSON,

    Defendant.
_____/

    This motion may be considered untimely but this determination would be inequitable because the delays have all been prejudiced upon the defense. The court was first put on notice of the non-compliance of the scheduling order by the prolonged stay at the county jail. The defense was immediately diligent toward addressing the defects of the indictment with a bill of particulars served upon Quinley on or about Aug. 8. No response was obtained and the defense only learned at the hearing on 9-14-18 that Quinley had no intentions of responding. This bad faith silence prejudiced the defense by spending clock while preventing actions that could be taken with proper communication. Like a motion for a bill of particulars, already executed and sent to this court, and this motion which would have been more accurate and appropriate after a bill of particulars. Defense has displayed diligence when made aware of facts and opportunities to speak and has only the prejudicial action or inactions of Quinley as cause for any delays or tartiness.

page 1 of 4

GROUNDS

1.   FALSE DESIGNATION - LACK OF PERSONUM JURISDICTION

Quinley, the Grand jury, and this court continue with the false designation and intentional confusion of a fictional entity defendant KURT F. JOHNSON which is not the man paraded before this court in chains against his will. The mere idem sonans similarity is not evidentiary and not even sufficient for the presumption of misrepresentation. Executor-Kurt-F.-Johnson has made it clear in all documents filed upon the record and at every hearing that he is not the defendant. The Constitution prohibits this lack of parity from creating any Article III controversy for any grant of jurisdiction. This court has not jurisdiction over theman or the ability to transfer the liabilities of a fictional entity within their jurisdiction to a man that is not. Especially when the commercial claim was settled by offer of tender. The indictment fails to state an offense against this man and only presents a commercial claim for honor of dishonor according to public policy. Dishonor and these subsequent dishonor proceedings are a clear violation of public policy, a tortious injury, and outside the sovereign immunities enumerated for officers operating proper and duly constituted functions of the republic.

2. MERGER

This indictment suffers from the merger problem like that explained in U.S. v. Santos, 553 US 507, 515-519 (2008). There are 4 charges in a 2 x 2 fashion. Two claim 18 U.S.C. 152(3) false declarations and two 18 U.S.C. 157 for fraudulent representation of indebtedness by saying there is a judgment that doesn't actually exist according to Quinley. Using the Canon of Statutory Construction words used by congress in the same act are intended to have the same meaning. Util. Air Regulatory Group v. EPA, 189 Led2d 372, 391 [14] (2014). "in relation to" are words of direction and grammatically prepositional for relationship. They are in both statutes of the Bankruptcy Act. With their plain

understood and being consistent throughout the act there is no ambiguity that the prohibitions of both statutes relate to title 11. Here is where the merger problem enters. Because the false statement of indebtedness is made false by 28 U.S.C. 1746 the prohibitions merge and are no longer distinct. Each is "in relation to" title 11 and each is in relation to the false statement of indebtedness. Congress could not have intended that every false statement made on or in a petition related to title 11 gets punished twice. This is an absurd consequence of statutory interpretation. There was no way not to violate both statutes with e same act because if the false statement is made it must be made under 28 U.S.C. 1746 or the court would reject it. This falls under rule 11 and was made an issue in these bankruptcy proceedings by debtor's counsel.

The only remedy is to dismiss two counts to bifurcate the merger and to keep the acts distinct. Either two of one statute or one of each.

3. TITLE 18                              TITLE 18

The indictment cites two statutes from title 18 as the subject matter jurisdiction for a cause of action. Neither the executive or the judicial branches of government can legislate. The only way for these statutes to have the force of positive law they must pass both Houses of Congress and be presented to the President. Public law 80-772 Act of June 25, 1948 ch. 645, Section 1, 62 Stat. et. seq. is unconstitutional and void granting no subject matter to the Grand, Petite juries, or the court because H.R. 3190 never passed both Houses as required by Article I, Section 7, Clause 2. H.R. 3190 was signed by single officers of the Houses post-adjournment pursuant to H.Con.Res. 219 and presented to the President. This violates the Quorum, Bicameral, and Presentment requirements of Article I of the Constitution. This bill so signed and presented in the absence of quorums which was not certified as truly enrolled nor the enrolled bill in fact, a clear violation of Article I, United States Code Section 106, House

Rules and Precedent prohibiting such acts, renders the bill signed into Public Law 80-772 null and void. An indictment returned on null and void laws is Ultra Vires and now Corum Non Judice. The independent function of the Grand Jury is destroyed by the Executive misleading them as to the validity of the laws. Presumptions of validity are not sufficient to put life, liberty, and property into jeopardy. The public or political ramifications of such a prolific and prolonged fraud is not a consideration for the rights of the accused. The accused is not threatened by non-existent laws, only the force of tyrants who would give effect to the law that never was. This is an injury in fact and very private and personal, not a political problem. The accused has standing to vindicate rights on an individual basis separate and distinct from any interest in the proper function of the institutions of government. These facts can be verified by certified congressional records and journals. For these reasons the indictment should be dismissed.

September 18, 2018

Respectfully submitted,

By: _____
Executor-Kurt-F.-Johnson for
KURT F. JOHNSON Defendant.

KURT JOHNSON 13177-081
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

SAINT LOUIS MO 630

24 SEP 2018 PM 2 L

MAIL CLEARED
US MARSHALS

⇔13177-081⇔
U S Dist Court
301 W MAIN ST
Benton, IL 62812
United States

NOTE: CTU and all ASSOCIATES: The use of your criminal mail system by necessity is not acceptance and no claim of injury is hereby waived.

62812-136201

RECEIVED

SEP 2 5 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE