KURT JOHNSON 13177-081
P.O. BOX 1000
MARION, IL 62959

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,　　　　　　　　Case No.: 18-cr-40043-JPG

　　　　Plaintiff,　　　　　　　　　　　　RULE 33 NEW TRIAL

V.

KURT F. JOHNSON,

　　　　Defendant.
_____/

The dramatic part of the trial appeared fair enough. However, it was all too scripted in unfairness and inequities that the drama was as far removed as fiction is to reality. For real life parties and real life consequences this court allowed, and could have very well intended for, a foundation of impossibility to be laid. To us Pro Se as a scapegoat is convenient but no attorney could of ever been placed with such disadvantages and been effective or deemed ready for trial. First off the attorney would not have been kept in the dark as to scheduling or rulings and non-rulings from the court as JOHNSON was. An attorney would not have been kept in the dark by the government on all informal discovery requests. An attorney would have had bare minimum access to phone or email to conduct discovery an interview witnesses or potential witnesses. An attorney would not have learned on 9-14-18 that none of the 17(c) subpoenas would be issued except for Nell Leffel who was of minimal relevance and a government's witness. An attorney wouldn't have learned the day of trial that none of the subpoenas were served except upon an arrested witness. An attorney would have had some access to minimal inestigative tools to help locate witness-

page 1 of 4

es or evidence. An attoney would not have learned that the Marshals did not attempt to serve Judge Donoghue as a Neww York resident but rather in her foreign office until the day after trial. The Letter Rogatory only becoming neccessary after this revelation. A non-attorney will necessarily have some disadvantages from not being represented but this court made no efforts to mitigate them, but instead exacerbated them with its unnecessarily rushed calendar and discovery foreclosures. JOHNSON couldn't even obtain basic organization tools like post-its and file folders to ready for trial. Discovery from the government was meted out on last minute basis with an already truncated limitation of access to the discovery reading computer. Time for fair and equitable preparation was stolen at every given opportunity in order to corral the defense into an untenable and unwinnable trial. A trial victory that hung precariously on the ability to deny the existence of the law (treaty) relied upon which fully sets out the procedure followed and the jurisdiction given, and the existence of the judgment itself. Both of which with fair access to time and discovery could have been addressed definitively. The two attached post-trial letters to Judge Donoghue (attachment A) and Senator Corey Booker (attachment B) were pre-trial discovery attempts that were simple and yet precluded by the government's trial tactics and this court's indifference to the consequential inequities developing. A little communication and the opportunity to complete it would have netted the treaty easy enough even if the Senator does not mail it. Enouch information would have been gained to obtain the scanned and rejected copy from CTU and Mrs. hill through mail records. The outcome of the trial and narrative would have been very different if just the treaty was introduced as a law governing the procedure executed by JOHNSON. Foreclosing the discovery to the Library of Congress further prevented any mitigation of this unfair advantage of presumption, concealments, and deceit intended by the government's trial tactics. Without any outside communications from your secret sequestering

prison there was no way to confirm the dates of and parties to the FBI's visit to Stephen Sherak and whether the lack of 302 is an intentional Brady violation or not. It was impossible to speak with exculpatory witnesses to even learn if they were contacted by the FBI as part of the investigation and withheld or purposefully not contacted.

The court can listen to just a few exerpts from recorded calls and learn that there is far more substance to the facts of this case than the minimalist evidence the government offered and defense was precluded from expanding. The Marion County Jail phone recording are reliable and were not offered into evidence because the witness Stephen Sherak was not available to testify because of fear induced by threats from the government. These recordings could have been introduced by the hearsay exceptions of Rule 804 if defense had timely information with discovery tools to understand the nature of Sherak's refusal to testify before the second half of the trial. Call number 67283076 10:08 - 12:38 mentions FBI visit and interview. Further information about visits on 67287682 8:07 - 9:50 and 12:41 - 13:20. Threats to witness and obstruction by withholding evidence 67292408 9:20 - 12:54 (outrageous government conduct). All of this was substantive pretrial discovery and remained undeveloped and unverified while JOHNSON was denied even bare minimums of communication with complete isolation from the outside world. Even communication with the court and the government were controlled to maximize all disadvantages and by the so-called victims which if evidence was not concealed would reveal were conspirators. The whole thing is conspiratorial, conflicted, concealing, and stinks to the highest heavens.

## CONCLUSION

A new trial is warranted where a fair presentation of available evidence is afforded both parties. The so-called victims had no urgent risk with the bankruptcies sealed. The government would not have been prejudiced by the trial

lingering past Mr. Quinley's transfer. There was still plenty of time on the speedy trial clock and waivers available. Truth matters and the truth never got its day in court or the due process of notice an opportunity to be heard. Avery different trial would have occurred and most likely a very different outcome if the treaty, the judgment, the conditions of confinement incorporated with the outrageous government conduct were fairly developed and presented to the jury, and witnesses felt safe to share their testimony.

October 9, 2018
HOUSTON V. LACK

Respectfully submitted,

By: _____
Executor-Kurt-F.-Johnson for
KURT F. JOHNSON Defendant.

KURT JOHNSON 13177-081
P.O. Box 1000
MARION, IL 62959

THE HONORABLE JUDGE JOAN E. DONOGHUE
INTERNATIONAL COURT OF JUSTICE
760 UNITED NATIONS PLZ.
NEW YORK, NY 10017

Re: Need of verification

Dear Judge Donoghue;

    I have enclosed a copy of the Letter Rogatory that I have sent to you though diplomatic channels. I have been unable to reach you for over a year to my own detriment. I was recently convicted of bankruptcy fraud for attempting to enforce a right of claim I obtained through a judgment you entered on 1-14-16. As part of that judgment I claimed I am held in a secret and illegal prison. This remains true only the crimes committed are far worse than I listed. My conviction is manufactured by obstruction of justice, threats against witnesses, theft of exculpatory evidence, and censorship to prevent any oversight or accountability. The set the narrative for trial that your judgment does not exist. Blocked me from all possible defenses and of course got their fraudulent conviction. My need to hear from you in the most simple affirmation is now a matter of justice. Even if you intend a formal response to the Letter Rogatory a terse but official statement on letterhead that you did enter a judgment for Executor-kurt-F.-Johnson on 1-14-16 would be enough to have my motions for Judgment of Acquittal and New Trial already filed to be seriously considered. Would you kindly send this letter to me at the above address and also copy the court directly at 301 W. Main St., Benton, IL 62812 since there is a high likelihood that my captors will never deliver your letter to me? If no such judgment exist I would be just as interested in this truth handled the same way. Then I could accept my punishment as just and argue for mitigation. Thank you for your kind consideration of this matter.

October 5, 2018

Sincerely,

Executor-kurt-F.-Johnson

Attachment A

KURT F. JOHNSON 13177-081
P.O. BOX 1000
MARION, IL 62959

SENATOR COREY BOOKER
359 DIRKSEN SENATE BDLG.
WASHINGTON, DC 20510

2 RIVERSIDE DR. SUITE 505
CAMDEN, NJ 83103

Re: Needed Mailing of law

Dear Senator Booker;

    I was born in Trenton, NJ on 11-19-62. I could use your help. I was in the CMU with Stephen Sherak until his release and I remain here. In 2016 he told me you mailed in a copy of the International Financial Transactions Grievance and Corporate Resolution Treaty. I do not know if this is the correct name but the treaty sought in substance was an International Private Administrative Procedures Treaty passed in 1972 and amended in 1998 by President Clinton. The one you mailed in was rejected and never delivered because you repackaged the Library of Congress envelope in your own. A remailing they won't accept even for a Senator. I nned you to mail in a copy of the treaty directly from you. I have been recently (9-26-18) convicted of bankruptcy fraud because I could not produce this law I relied upon for my acts and they presumed it didn't exist. Receiving this would help me get a motion for a new trial granted and materially speak to my actual innocence. Mr. Sherak said he would send me a copy but with his recent troubles I can no longer hold out hope for this. My sentencing is 1-3-19 so a speedy response would mean the world to me. Thank you so much.

October 3, 2018

Sincerely,

Executor-Kurt-F.-Johnson

Attachment B