# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:18-cr-40043-JPG |
| KURT F. JOHNSON, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Defendant Kurt F. Johnson has filed a motion for a copy of his trial transcript. (ECF No. 46.) Johnson says that the transcript is relevant to postconviction remedies and sentencing matters. Criminal defendants, however, have a right to free transcripts under limited circumstances. Specifically, a defendant must demonstrate (1) that he is indigent; and (2) the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Here, Johnson has not made the showing that this Court requires before it will order a transcript for him at the public's expense. First, Johnson has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript on his own—he has submitted no documentation of the current status of his finances. Second, Johnson does not yet have any post-conviction actions pending before this Court, so the Court is unable to certify that he is pursuing a

1

matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). Moreover, Johnson has not given any reason why he would need a copy of the transcript for sentencing purposes, so the Court is also unable to certify that he is pursuing a matter that is not frivolous on those grounds as well.

If, at some point, Johnson should have a post-conviction action pending before this Court, he may resubmit his request for a free transcript. At such time, Johnson will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six months); and (2) that the transcripts are needed to decide a pending non-frivolous motion. But at this point, for the foregoing reasons, the Court must **DENY** Johnson's motion. (ECF No. 46.)

**IT IS SO ORDERED.**

**DATED: NOVEMBER 5, 2018**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**